**UNITED STATES COURT OF APPEALS**
**Filed 5/6/96**
**TENTH CIRCUIT**

HARRON JAMES EDWARDS,

      Petitioner-Appellant,

v.

RITA ANDREWS,

      Respondent-Appellee.

No. 95-5276
(N. Dist. of Oklahoma)
(D.C. No. 95-C-927-K)

**ORDER AND JUDGMENT**[*]

Before **ANDERSON**, **BARRETT**, **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Petitioner Herron James Edwards, appearing pro se, filed a habeas petition pursuant to 28 U.S.C. § 2254 in the district court. The district court denied the petition

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

and denied Edwards a certificate of probable cause for leave to proceed on appeal. This matter is before the court on Edwards' application for a certificate of probable cause.

A petitioner convicted of a state crime may appeal a federal district court's denial of habeas corpus relief only if the district court or the court of appeals grants a certificate of probable cause. 28 U.S.C. § 2253; Fed. R. App. P. 22(b). In *Barefoot v. Estelle*, 463 U.S. 880, 892-93 (1983), the Supreme Court declared that the "primary means of separating meritorious from frivolous [habeas corpus] appeals should be the decision to grant or withhold a certificate of probable cause." To receive a certificate of probable cause, a petitioner must "make a 'substantial showing of the denial of [a] federal right.'" *Lozada v. Deeds*, 498 U.S. 430, 431 (1991) (per curiam) (quoting *Barefoot*, 463 U.S. at 893). A petitioner can satisfy this standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions presented deserve further proceedings. *Gallagher v. Hannigan*, 24 F.3d 68, 68 (10th Cir. 1994) (quoting *Barefoot*, 463 U.S. at 893 & n.4).

We have reviewed Edwards' application for a certificate of probable cause and appellate brief, the district judge's recommended disposition and order denying a certificate of probable cause, and the entire record before us. We conclude that Edwards has failed to make a substantial showing of the denial of an important federal right necessary for the issuance of a certificate of probable cause under 28 U.S.C. § 2253. *See*

2

*Barefoot*, 463 U.S. at 893.  Accordingly, we **DENY** Edwards' application for a certificate

of probable cause and **DISMISS** the appeal.

ENTERED FOR THE COURT

Michael R. Murphy
Circuit Judge